IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Marshall Frank Wilcox, ) | C/A 9:11-2073-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, William R. Byars, Jr., ) | |
| John R. Pate, Thomas Byrne, Anthony ) | |
| Padula, Ronald Steen, GEO Care of ) | |
| South Carolina , Inc. And The South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action was filed by the Plaintiff pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101, et seq., and several state law causes of action, asserting a violation of his constitutional rights and other claims against the Defendants relating to medical care he received while an inmate with the South Carolina Department of Corrections. After this action was filed on August 4, 2011, Plaintiff passed away on October 3, 2011. While the fact that Plaintiff had passed away was referenced in the parties' answers to Rule 26.03 Interrogatories filed October 31, 2011, no motion for substitution was ever filed nor was any documentation submitted to the Court showing who (if anyone) had authority to act for the decedent's estate or to make decisions concerning the continued

1



prosecution of this lawsuit.

As a result of several motions filed by the parties in January 2012, the Court entered an Order on February 15, 2012 noting the requirements of Rule 25(a)(1), Fed.R.Civ.P.,[1] granted a temporary stay of discovery in this case, and directed Plaintiff's counsel to file a brief and/or a motion pursuant to Rule 25(a)(1) and (3) within ten (10) days.

On February 17, 2012, Plaintiff's counsel filed a notice of death and motion to allow substitution of Plaintiff with personal representative. Defendants have filed a response in opposition to Plaintiff's motion as well as a motion to dismiss, arguing therein that there is no one who has authority to direct the continued prosecution of this lawsuit as there has been no order from the Probate Court appointing a personal representative for the decedent's estate, even though the Plaintiff has been deceased for over four (4) months. Reply memoranda have also been filed by the parties, to include a response from Plaintiff to the Defendants' motion to dismiss advising that Timothy G. Driggers has now been appointed personal representative of the decedent's estate by the Orangeburg County Probate Court on March 1, 2012. See Court Docket No. 49-2 [Exhibit B, Certificate of Appointment].

These motions are now before the Court for disposition.[2]

---

[1]Pursuant to Fed.R.Civ.P. 25(a)(1), upon the death of a party,

[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed. [emphasis added].

[2]While the undersigned would normally issue an order on the motion to substitute parties, as a motion to dismiss has also been filed on this same issue, which is dispositive, a Report and Recommendation is being issued which addresses both motions.

2



**Discussion**

Motions to substitute under Rule 25 should ordinarily be freely granted. In re: Baycol Products Litigation, 616 F.3d 778, 783 (8th Cir. 2010). However, the advisory committee notes to Rule 25 also caution that, while a "motion to substitute made within the prescribed time will ordinarily be granted, . . . under the permissive language of the first sentence of the amended Rule ('the court may order') it may be denied by the Court in the exercise of sound discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution". In re: Baycol Products Litigation, 616 F.3d at 783, citing Advisory Committee Note to Fed.R.Civ.P. 25. Defendants argue that Plaintiff's motion to substitute parties should be denied, and that this case should be dismissed, because of the inordinate delay between the Plaintiff's death, the filing of the motion to substitute, and the appointment of a personal representative able to make decisions about the prosecution of this lawsuit. However, after careful review and consideration of the arguments and exhibits presented to the Court, the undersigned finds for the reasons set forth hereinbelow that the motion for substitution should be granted, the substitution of the personal representative allowed, and that the Defendants' motion to dismiss should be denied.

First, it is clear that a personal representative has now been appointed for the decedent's estate. Therefore, Defendants' original argument that this case should be dismissed because there is no one with actual authority to act or make decisions concerning the prosecution of this lawsuit is now moot. See James v. Geerken, No. 10-259, 2012 WL 602775 at * 1 n. 2 (N.D.Fla. Jan. 20, 2012)[Noting that a "Plaintiff's cause of action does not necessarily abate because of his death, and [that] his personal representative can be substituted in his place."], adopted by, 2012 WL 602723 (N.D.Fla. Feb. 24, 2012). Further, while the formal Probate Court appointment order had



not been signed at the time of the filing of the motion to allow substitution of Plaintiff with the personal representative, Driggers was the named personal representative in Plaintiff's will, and Driggers had opened the estate in the Probate Court prior to the filing of the motion to allow substitution. See Probate File No. 212-ES-3800117 (Orangeburg County) [http://www.orangeburgcounty.org/Probate]. The formal order appointing Driggers was then signed on March 1, 2012 and filed with the Court by Plaintiff's counsel on March 7, 2012. Therefore, even if there is a dispute as to what authority Plaintiff's counsel had to file the motion for substitution on February 17, 2012, Plaintiff's counsel's authority to pursue that motion at this time is no longer in question.[3] Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir. 1985)[Motion for substitution may be made by the successors or representatives of the deceased party]. Further, the Rule provides that a motion for substitution together with a notice of hearing shall be served on the parties as provided in Rule 5, and upon persons not parties in the manner provided in Rule 4. As the motion for substitution has been served on Driggers, the motion is therefore properly before the Court. See Rule 25(a)(3). See also Court Docket No. 45.

Finally, Defendants argue that the significant time delay between the Plaintiff's death and the filing of the motion for substitution, the blame for which Defendants place totally on Plaintiff's counsel, entitles them to dismissal of this action. However, the ninety (90) day filing requirement does not even begin to run until a statement noting the Plaintiff's death has been filed and served. See Rule 25(a)(1). See also Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993)[Extensions of the ninety day period may be liberally granted]. Further, while the

---

[3] The undersigned assumes that Plaintiff's counsel, as officers of the court, are acting pursuant to proper authorization from Driggers with respect to the pursuit of the motion to substitute.



4

Defendants appear to fault the Plaintiff for not having filed the Notice of Death earlier, the Defendants could have filed this notice themselves. See Hardy v. Potter, No. 08-223, 2009 WL 765028 at * * 1-2 (S.D.Ga. Mar. 23, 2009)[Noting that either party may file a Notice of Death]; see also Magee v. Housing Authority of South Bend, No. 09-337, 2010 WL 2950449 at * 2 (N.D.Ind. July 21, 2010)["The rule permits any party or the decedent's successor or representative to make a motion for substitution."]. While the notes to Rule 25 do provide that a motion for substitution may be denied by the Court if made long after the death of the party, those notes also caution that the intent that motions to substitute should be freely granted should be voided only where "circumstances have arisen rendering it unfair to allow substitution." That is not the case here. Rule 25 "imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record." Fariss, 769 F.2d at 962. The formal notice of death was not filed with the Court until February 17, 2012, and the motion for substitution was also filed that same day. Therefore, there is no problem with the ninety day time limit provided in the Rule. See Gold Bak v. Post Hill Greens, L.L.C., No. 04-565, 2006 WL 2883262 at * 6 (W.D.Mo. Oct. 6, 2006)[Suggestion of Death must be valid to trigger the 90 day period.]; see also cf. Continental Bank, N.A., 10 F3d at 1297 [No error in not dismissing deceased Defendant though bank did not move for substitution of administratrix until eight months after defendant's death was suggested].

   Plaintiff's counsel also represents to the Court that, following the decedent's death, "numerous e-mails and telephone calls [were] placed to Mr. Driggers urging him to open the Estate so that he thereafter could be substituted as the new party in interest arising from his relationship with the Estate", but that it took some time to get Driggers to file the necessary paperwork with the



Probate Court.⁴ Hence, while it is arguable that Plaintiff's counsel could or should have proceeded more expeditiously in this matter, these facts do not support a dismissal of this action as a sanction. The undersigned can discern no prejudice to the Defendants by allowing this case to continue,⁵ while the Plaintiff's estate would suffer substantial prejudice if this case were to be dismissed at this time on this ground.

Therefore, based on the foregoing, Plaintiff's motion to substitute Timothy Driggers as personal representative of the Estate of Marshall Frank Wilcox, deceased, as the Plaintiff in this matter be **granted**, and that the Defendants' motion to dismiss this case be **denied**. If this recommendation is adopted by the Court, upon re-referral the undersigned will issue such further orders relating to possible amendment of the Complaint and the conduct as discovery as are necessary to conclude the pretrial phase of this litigation.

The parties are referred to the Notice Page attached hereto.

April 3, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

⁴Although this representation by counsel as officers of the court is made in counsels' brief [Court Docket No. 45, p. 2], in anticipation of possible objections to this Report and Recommendation, Plaintiff's counsel are directed to file appropriate documentation with the court to support this assertion for consideration by the District Judge in his review of any such objections.

⁵It should be noted, however, that Plaintiff apparently sat for a "video statement" shortly before his death to which defense counsel were not provided notice and an opportunity to participate, and which Defendants contend now substantially prejudices their ability to assert a defense in this case. See Court Docket No. 42-2. However, nothing in this opinion is intended to affect defense counsels' right to contest use of that statement or deposition under any appropriate rules of evidence or caselaw.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

