IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marshall Frank Wilcox, | ) | Civil Action No. 9:11-cv-2073-RMG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jon Ozmint, William R. Byars, Jr., John R. | ) | |
| Pate, Thomas Byrne, Anthony Padula, | ) | |
| Ronald Steen, GEO Care of South Carolina, | ) | |
| Inc., and the South Carolina Department | ) | |
| Of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this case, Plaintiff asserts claims pursuant to, *inter alia*, 42 U.S.C. § 1983, based on Defendants' alleged failure to provide adequate medical care to Plaintiff while he was an inmate with the South Carolina Department of Corrections. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. After this action was filed on August 4, 2011, Plaintiff passed away on October 3, 2011. On February 17, 2012, Plaintiff's counsel filed a notice of death and a motion to allow substitution of Plaintiff with a personal representative pursuant to Federal Rule of Civil Procedure 25. (Dkt. No. 45). On February 27, 2012, Defendants filed a response in opposition to Plaintiff's motion to substitute and a motion to dismiss Plaintiff's Complaint. (Dkt. Nos. 47 and 48). After the parties fully briefed both motions, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Plaintiff's motion to substitute and deny Defendants' motion to dismiss. Defendants

1

did not file any objections to the Report and Recommendation. As explained herein, the Court agrees with and wholly adopts the Magistrate Judge's Report and Recommendation.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, no specific objections are filed to the Report and Recommendation, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After carefully considering the record, the arguments of the parties, and the applicable law, the Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the relevant law and correctly applies the law to the facts of this case. First, with regard to Plaintiff's motion to substitute pursuant to Federal Rule of Civil Procedure 25, Plaintiff has properly requested that the Court substitute Timothy G. Driggers, the personal representative of the Estate of Marshall Frank Wilcox, as the Plaintiff in this action. In Defendants' response in opposition to Plaintiff's motion (which also served as the basis for Defendant's motion to dismiss), Defendants argued that, because the Orangeburg County Probate Court had not yet

appointed Mr. Driggers as Plaintiff's Personal Representative, no one was authorized to act on behalf of Plaintiff's estate or to make decisions regarding this lawsuit. (Dkt. No. 47 at 3). However, on March 1, 2012, the Orangeburg County Probate Court issued an Order appointing Mr. Driggers as Plaintiff's personal representative. (Dkt. No. 49-2). Thus, Plaintiff's counsel now has the authority to request that the Court substitute Mr. Driggers for Plaintiff. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) (holding that a "motion for substitution may be made by any party or by the successors or representatives of the deceased party"). Further, as explained in the Magistrate Judge's Report and Recommendation, Plaintiff filed the motion to substitute within the ninety-day time limit provided by Federal Rule of Civil Procedure 25. (Dkt. No. 53 at 4-5). Thus, the Court grants Plaintiff's motion to substitute Mr. Driggers, as personal representative of the Estate of Marshall Frank Wilcox, as the Plaintiff in this action. For these same reasons, the Court denies Defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

April 2Y, 2012
Charleston, South Carolina